IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-01645-RM-BNB

JENNIFER VILLANUEVA,

Plaintiff,

v.

FREMONT COUNTY, by and through its Board of County Commissioners,

Defendant.

---

## STIPULATED ~~CONFIDENTIALITY~~ PROTECTIVE ORDER

---

The parties to this ~~Agreed Confidentiality~~ Order have agreed to the terms of this Order**, and good cause has been shown.** ~~; a~~ **A**ccordingly, ~~it is~~ **IT IS** ORDERED:

In this action, at least one of the Parties has sought and/or may seek Confidential Information, including Protected Health Information.  "Confidential Information" and "Protected Health Information" are defined in paragraphs 5 and 6 below.

1.     The parties anticipate that some of the Confidential Information may, but not necessarily would, lead to questioning concerning Confidential Information and Protected Health Information in the course of depositions.

2.     The Parties assert the disclosure of Confidential Information and Protected Health Information could result in significant injury to one or more of the Parties' business or privacy interests, the patient(s) identified in the protected health records, and/or violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

■ **Scope**. All documents, records, files or portions of files, materials, electronically stored information, transcribed testimony and information (including but not limited to extract, abstract, chart, summary, note or copy made therefrom), produced or adduced in the course of discovery, including, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents") and designated as "Confidential," shall be subject to this Order concerning Confidential Information and/or Protected Health Information as defined below. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy of a separate document is a separate document within the meaning of this term. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

4. **Confidential Information defined.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" by the producing party and includes but is not limited to information that is confidential and implicates common law and statutory privacy interests of Plaintiff and Defendants in this matter, ~~including current and former employees of Fremont County. "Confidential Information" includes but is not limited to:~~

~~a.     Medical information concerning any individual and/or "Protected Health Information";~~

~~b.     The Parties and/or their representatives' personnel/employment files;~~

~~c.     Select portions of internal affairs investigation files;~~

~~d.     Personal financial, tax and identification information of the Parties; and~~

2

~~e.      or disciplinary cases where no discipline has been imposed.~~
Information or documents that are available to the public may not be designated as Confidential Information.

5.     **Protected Health Information defined**. "Protected Health Information" is defined under the Health Insurance Portability and Accountability Act and the Federal Regulations enacted pursuant to said Act and the Protective Order incorporates the definition therein as well as, but not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

6.     **Designation of documents.**

a.     Documents containing Confidential Information, including Protected Health Information, are designated as Confidential Information by placing or affixing the words "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

b.     Any information designated by a Party as Confidential Information will first be reviewed by that Party's attorney.  In designating any material as "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" the designating Party's attorney certifies that the

3

designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

       **c.**    The marking "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" shall be applied prior to or at the time the documents are produced or disclosed. ~~Applying that the marking "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" does not mean that the document has any status or protection by statute otherwise except to the extent and for the purposes of this Order.~~ Any copies that are made of any documents marked "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    6.    **Designation of discovery responses.** Responses to discovery requests are designated by marking "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" next to or above the response.

    **7.**    **Depositions.** Whenever a depositions involves the disclosure of Confidential Information and/or Protected Health Information, those portions of the deposition involving Confidential Information and/or Protected Health Information shall be designated as "CONFIDENTIAL – Subject to Protective Order." Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as "CONFIDENTIAL – Subject to Protective Order" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated Confidential

4

Information will be reserved for and addressed at trial.

**8.      Protection of confidential materials.**

a.      **General protections.**  Confidential Information shall not be used, disclosed, revealed or leaked to the media (inadvertently or otherwise) by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than this litigation, including any appeal thereof.   Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

b.      **Limited third-party disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1) – (9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information, so long as the individual is not involved with or connected to the media:

(1)    **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of this action;

(2)    **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)    **The Court and its personnel;**

(4)    **Court Reporters and Recorders**.  Stenographic reporters who are engaged

in proceedings necessarily incident to the conduct of this action;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents and organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts retained or specifically employed by the parties or counsel for the parties to assist in the preparation and trial of this action, whether or not such individual is expected to be called as a witness at trial;

(7) **Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their deposition in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order;

(8) **Author or recipient.** The author or recipient of the document (not including the person who received the document in the course of the litigation); and

(9) **Others by consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

10. **Inadvertent failure to designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document

is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

11.     **No waiver of discoverability, authenticity or admissibility.**  By agreeing to the entry of this Protective Order, the Parties do not waive objections or adopt any position as to the authenticity or admissibility of documents produced subject to it.  The parties expressly state that entry of this Protective Order is not intended to waive any objections or otherwise admit the potential relevance or discoverability of any document or other material.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

12.     **Filing of Confidential Information**.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 7.2.

13.     **No greater protection of specific documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

14.     **Challenges by a Party to designation as Confidential Information.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  A Party may object to the designation of particular Confidential Information by giving

written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order or until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential Information in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

15.  **Use of Confidential Information or documents at trial.**  Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.  A party that intends to present or which anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16.  **Confidential information subpoenaed or ordered produced in other litigation.**

a.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no even more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.    The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that cased the subpoena to issue.

c.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

17.    **Challenges by members of the public to sealing orders**.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

9

18.     **Obligations on conclusion of litigation**.

a.      **Order continues in force**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.      **Obligations at conclusion of litigation.**  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – Subject to Protective Order in 14-cv-1645" under this Order, including copies as defined in ¶ 7(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c.      **Retention of work product and one set of filed documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

19.     **Order subject to modification**.  This Order shall be subject to modification by the

Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter for good cause shown following notice to all Parties and the opportunity for them to be heard.

20.    **No prior judicial determination**.   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

21.    **Further protection not precluded**.  Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the court under Rule 26(c) of the Federal Rules of Civil Procedure.

22.    **Persons bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

Dated October 15, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

11